## EASTLAND LAW OFFICES, PLLC
### Hiram Eastland

307 Cotton Street                                                          662-897-0495
Greenwood, Mississippi 38930                              eastlandlaw1@gmail.com

January 28, 2016

Lyle W. Cayce, Clerk
United States Court of Appeals
For the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Re: **Stephen P. Farmer, et al. v. D&O Contractors, Inc., No. 15-30297**

Dear Mr. Cayce:

    I write to advise the Court pursuant to Fed. R. App. P. 28(j) and Fifth Cir. R. 28.4 of the attached relevant decision in the United States District Court for the District of New Jersey, *Pension Fund Mid-Jersey Trucking, et al. v. Omni Funding Group*, 687 F.Supp. 962 (D.N.J. 1988).

    The ruling of the district court in *Pension Fund Mid-Jersey Trucking* indicates that Special Agent Todd Goodson was right in advising Appellant Stephen Farmer that he could wait until after the FBI investigation was completed before he filed his civil RICO action against the Appellee-Defendants. See Declaration of Stephen P. Farmer, R.E. Tab 4, ¶ 7; ROA 15-30297.1797-.1798; Declaration of Special FBI Agent Todd Goodson, R.E. Tab 5, ¶ 5; ROA 15-30297.1807.

    The district court found that the 15 U.S.C. § 16(i) tolling provision of the Clayton Act applies to civil RICO actions where, as here, a parallel criminal matter is involved. *Pension Fund Mid-Jersey Trucking*, at 963. That tolling provision extends the Clayton Act's four-year statute of limitations for civil actions under the Clayton Act for one-year after the parallel criminal matter is completed. See 15 U.S.C. § 16(i).

    In further examining the support for applying the Clayton Act equitable tolling provisions to civil RICO actions throughout its decision, the district court recognized that the Supreme Court *Agency Holding Corp. v. Malley-Duff* decision cited in Appellants' brief, 107 S.Ct. 2759, applied the Clayton Act four-year statute of limitations to civil RICO actions. See, *Pension Fund Mid-Jersey Trucking*, 687 F.Supp. at 964-65.

    The district court found that in instances where a statute such as civil RICO borrows a statute of limitations from another statute "[t]here is a clear line of authority which requires that where a statute of limitations is borrowed, the tolling and suspension provisions which are part of that statute must likewise be applied. *West v. Conrail,* 107 S.Ct. 1538 (1987); *Johnson v. Railway Express Agency*, 421

1

U.S. 454, 464 (1975); *Bd. Of Regents v. Tomanio*, 446 U.S. 478, 484-85 (1980)." *Id*. at 964.

The district court further found that "[w]hile the Supreme Court's holding in *Johnson*, *supra*, clearly requires application of the [Clayton Act] tolling privileges to this [RICO] case, the legislative history of RICO further compels the conclusion that adoption of the tolling provisions is uniquely appropriate in this case." (citing and quoting *Malley-Duff* that found: "even a cursory comparison of the two statutes reveals that the civil action provision of RICO was patterned after the Clayton Act." *Pension Fund Mid-Jersey Trucking*, 687 F.Supp. at 964-65.

The district court thus concluded: "In sum, the Clayton Act's statute of limitations and tolling provisions are inextricably entwined.  It is beyond dispute that the private enforcement provisions of RICO were patterned after the Clayton Act. More important, the provisions of each statute bear a similarity in substance, as well as form….Thus, for the reasons stated above, in addition to this court's prior opinion, I conclude that the tolling provisions of the Clayton Act are applicable under RICO." *Id*. at 965.

Appellants respectfully submit that this Court should consider the *Pension Fund Mid-Jersey Trucking* decision in its deliberation of the appropriate statute of limitation period and related "diligence" issue before the Court, since the Clayton Act extended one-year tolling provision after the parallel criminal investigation was completed is encompassed in the civil RICO statute in this matter.

Alternatively, Appellants respectfully submit that the Court should order a limited remand to the district court for the district court to rule on whether the extended 15 U.S.C. § 16(i) tolling provision applies to the RICO statute of limitation in the matter before the Court.

We thank the Court for its consideration of this matter.

    Sincerely,

    /s/ Hiram Eastland
    EASTLAND LAW OFFICES PLLC

    /s/ G. Robert Blakey